IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL AND MELINDA MUSKRAT, as Parents and next friends of Minor Child, J.M., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-08-1103-L |
| DEER CREEK PUBLIC SCHOOLS, *et al.*, | ) ) ) ) | |
| Defendants. | ) | |

## O R D E R

Plaintiffs Paul and Melinda Muskrat, as Parents and next friends of Minor Child, J.M. ( "Muskrats", "J.M.", or collectively, "plaintiffs"), bring this action under state law and 42 U.S.C. § 1983 alleging battery, assault, false imprisonment, intentional infliction of emotional distress, negligence, negligent supervision and negligent hiring, fraud, and violation of constitutional rights, specifically the "freedom from bodily restraint and corporal punishment without due process of law." Complaint, Doc. No. 1, ¶ 61. Plaintiffs seek money damages arising from the alleged mistreatment of their son J.M., a special needs student. Defendants seek dismissal under Fed. R. Civ. P. 12(b)(1) and 12(b)(6) for lack of jurisdiction over the subject matter and failure to state a claim upon which relief can be granted.

This matter is before the court on the **(1)** Motion to Dismiss by Defendants Deer Creek Public Schools, Letricia Tarvin and Barbara Ann Sheely ("School District Defendants") **[Doc. No. 5]**; **(2)** Motion to Dismiss of Defendant Jessica

Renaker ("Renaker") **[Doc. No. 7]**; **(3)** Motion to Dismiss by Defendant Lenis DeRieux[1] ("DeRieux") **[Doc. No. 23]**; and **(3)** the Amended Motion to Dismiss by Defendant Debbie Straughn ("Straughn") **[Doc. No. 28]**.  It appears that plaintiffs have failed to obtain service on defendant Kay Rogers.  Plaintiffs have responded to the Motions to Dismiss, objecting to dismissal.  Reply briefs were filed.  Because of the similarity of issues, the court has considered the motions, responses, and reply briefs together.  Upon thorough review of plaintiffs' Complaint and the submissions of the parties, the court determines that the motions to dismiss should be granted in part and denied in part, as more fully set forth below.

Initially, it should be noted that the School District Defendants and defendants DeRieux and Straughn have also filed motions to strike the affidavits of Melinda Muskrat which were attached as exhibits to the plaintiffs' responses to the various motions to dismiss.  The court finds that these motions to strike **[Doc. Nos. 16, 34 & 36]** should be granted because the court declines to treat the dismissal motions as motions for summary judgment; all matters outside the pleadings are excluded from the court's consideration of the motions brought under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d).

Under Fed. R. Civ. P. 8(a)(2), the complaint must contain " a short and plain statement of the claim showing that the pleader is entitled to relief."  In considering a

---

[1] According to the dismissal motion, defendant DeRieux was incorrectly identified in the Complaint as "Lenis DeReaux."  The caption is hereby amended to reflect the true spelling of this defendant's name and all future filings shall also reflect this amendment.

motion for dismissal under Rule 12(b)(6), the court assumes the truth of the plaintiff's well-pleaded factual allegations and views them in the light most favorable to the plaintiff.  Beedle v. Wilson, 422 F.3d 1059, 1063 (10th Cir. 2005).  In order to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face."  Bell Atlantic v. Twombly, 127 S.Ct. 1955, 1974 (2007).  If the plaintiff fails to nudge its claims across the line from conceivable to plausible, the complaint must be dismissed.  Id.  The determination of whether a complaint contains sufficient allegations of fact to state a claim for relief that is plausible on its face is dependent upon the context of the claims raised.  Mink v. Knox, 566 F. Supp. 2d 1217, 1221 (D.Colo. 2008).  The "mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Robbins v. Oklahoma, 519 F.3d 1242, 1246 (10th Cir. 2008) (*quoting* Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).  The factual allegations must state a claim that is plausible, yet a "heightened standard of fact pleading" does not apply, nor must a complaint contain a "formulaic recitation of the elements of a cause of action."  Robbins, 519 F.3d at 1247.

  The Complaint alleges that the minor child J.M. has been enrolled since August of 2002 as a student in Deer Creek Public Schools where Straughn was

principal.  Renaker was J.M.'s teacher and Kay Rogers was the teacher's aide. Complaint, ¶ 12.  The Complaint alleges that on numerous occasions, Renaker and/or Rogers and/or Straughn punished J.M. by "isolating, confining, and restraining him in a dark room or subjecting him to 'time out' denying him social interaction and classroom instruction, imprisoning him against his will."  Id., ¶ 13. The Complaint alleges that, for punishment, Renaker and/or Rogers hit and/or slapped J.M., held him down for extended periods of time utilizing inappropriate restraint techniques, neglected J.M., inflicted extreme physical and psychological punishment on him, and "denied him a proper and safe environment."  Id., ¶¶ 14-16. According to the Complaint, since 2005, the Muskrats on numerous occasions notified, met with, and requested relief from Deer Creek Public School officials and other employees including Straughn, Tarvin, and Renaker, concerning these alleged acts and their detrimental effect on their son.  The Muskrats demanded all parties to refrain from physically and mentally punishing, abusing, and inflicting pain on J.M. Plaintiffs have made defendants aware that J.M.'s doctors advised against isolation. Id., ¶ 17.  The Complaint alleges that Renaker and/or Rogers and/or Straughn knew or should have known that J.M. has psychological problems and/or disabilities.  It is alleged that defendants also received information from the Muskrats, school officials, and J.M.'s treating medical, psychological, and therapeutic professionals. The Complaint asserts that "administering corporal punishment as described herein placed J.M. at substantial risk of psychological and physical harm, and any average

individual should have known that such actions were clearly inappropriate." Id., ¶ 18.  Paragraph 20 of the Complaint alleges that J.M. suffered injury to his body as well as substantial and serious aggravation of his existing psychological challenges and disabilities, trauma, severe anxiety, humiliation, fear, and apprehension.  Plaintiffs allege that J.M. has also suffered severe emotional, mental, and psychological distress as a result of the improper, excessive, and extreme abuse.  Id.  The Muskrats have sought medical assistance as well as counseling and therapy for J.M. Id., ¶ 21.  The Complaint alleges that on or about May 31, 2007, Renaker was arrested for Assault and Battery in connection with the alleged abuse of J.M.  Id., ¶ 23.  Plaintiffs allege that at all relevant times, Rogers was acting under the supervision of Renaker, and that Renaker, Rogers, and Straughn were acting under the supervision, instruction, or direction of Deer Creek Public Schools.  Id., ¶¶ 23-24.

In addition to these preliminary factual allegations, the Complaint includes other facts in connection with plaintiffs' seven causes of action.  The factual allegations will be discussed as necessary in the court's rulings on the motions to dismiss.  In general, on each of their claims, plaintiffs seek monetary damages resulting from J.M.'s injuries, including medical assistance and past and future counseling and therapy for J.M. "valued in excess of $75,000.00" (¶¶ 28, 34, 40, 45, 52, 58, 73), and punitive damages (¶¶ 29, 35, 41, 46, 53, 59, 74).

The court begins with a review of the sufficiency of plaintiffs' federal civil

rights claim, since the court may decline to consider state law tort claims, brought under the court's supplemental jurisdiction, in the absence of federal court jurisdiction. 18 U.S.C. § 1367(c)(3). Defendants uniformly argue that plaintiffs have failed to exhaust their administrative remedies under the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400, *et seq.*, ("IDEA"). The Complaint itself does not contain an IDEA claim as such. Nevertheless, defendants argue that the source and nature of plaintiffs' alleged injuries are educational and can be redressed by the IDEA's administrative procedures.

Plaintiffs contend that the constitutional violations and supplemental state law tort claims "have no nexus to IDEA remedies" and, therefore, pursuit of administrative remedies prior to filing suit under 42 U.S.C. § 1983 is not required. Plaintiffs assert that attempting to obtain relief under the IDEA for civil rights violations and physical and psychological abuse would be "futile" since plaintiffs are not seeking educational compensation in this lawsuit.

In viewing the allegations of the Complaint in the light most favorable to plaintiffs, and keeping in mind the standards for granting a motion to dismiss, the court concludes that plaintiffs' § 1983 claim is sufficient to withstand dismissal. The Supreme Court has found that Fourteenth Amendment liberty interests are implicated where school authorities, acting under color of state law, deliberately decide to punish a child for misconduct by restraining the child and inflicting appreciable pain. Ingraham v. Wright, 430 U.S. 651, 674 (1977). The United States

Court of Appeals for the Tenth Circuit has explained that in school discipline cases, the substantive due process inquiry is "whether the force applied caused injury so severe, was so disproportionate to the need presented, and was so inspired by malice or sadism rather than a merely careless or unwise excess of zeal that it amounted to a brutal and inhumane abuse of official power literally shocking to the conscience." Garcia by Garcia v. Miera, 817 F. 2d 650, 655 (10th Cir. 1987) (citation omitted). In order to satisfy this standard, a plaintiff must demonstrate a degree of outrageousness and a magnitude of potential or actual harm that is truly conscience shocking. Uhlrig v. Harder, 64 F. 3d 567, 574 (10th Cir. 1995). In the Garcia case, which involved disciplinary incidents of corporal punishment so severe that the court characterized them as "beatings," the Tenth Circuit noted that "at some point of excessiveness or brutality, a public school child's substantive due process rights are violated by beatings administered by government paid school officials." 817 P. 2d at 655. In Gerks v. Deathe, 832 F. Supp. 1450, 1454 (W.D. Okla. 1993), the court found that the actions of a teacher were sufficient to state a substantive due process claim. In Gerks, a mentally handicapped student with a documented fear of bathrooms was confined alone in a bathroom for two hours and was forced to clean the mess in the bathroom. Id., The court denied a motion to dismiss plaintiffs' Fourteenth Amendment substantive due process claim, reasoning that "a rational jury could find that [the teacher's] actions were so demeaning and harmful to [the student] that they might have violated her substantive due process

rights." Id.  The Tenth Circuit found no substantive due process violation, however, in Harris v. Robinson, 273 F.3d 927, 931 (10th Cir. 2001), where a teacher required a mentally retarded ten year old to clean out a clogged toilet with his bare hands, finding that the student's injuries "do not rise to the same conscience shocking level as the plaintiffs in Garcia and Gerks."

The court concludes that the alleged conduct underlying plaintiffs' substantive due process claim is sufficient to suggest that plaintiffs can state a plausible claim for violation of J.M.'s Fourteenth Amendment substantive due process rights. Accepting the facts alleged in the Complaint as true, as the court must do at the motion to dismiss stage, the court finds that plaintiffs have sufficiently alleged a violation of J.M.'s Fourteenth Amendment substantive due process rights[2] such that dismissal of plaintiffs' § 1983 claim is not warranted.
Because the alleged constitutional violations appear at this stage to be independent of an educational remedy in that the plaintiffs are seeking damages based on physical and psychological injury, the court concludes that the plaintiffs' failure to exhaust administrative remedies under the IDEA is not a bar to their §1983 claim in this lawsuit.

Based on this ruling, the court considers the sufficiency of the state law tort claims.  The court agrees that plaintiffs' fraud claim does not allege fraud with the

---

[2]   Plaintiffs' response briefs clarify that there is no allegation that Paul and Melinda Muskrat's constitutional rights have been violated.  *See, e.g.*, Doc. No. 14, pp. 7-8.  Consequently, they are not entitled to recover actual or punitive damages under § 1983 in this action.

specificity required by Fed. R. Civ. P. 9(b).  The rather vague and broad allegations of the Complaint fail to identify the identity of the person making the allegedly false statements or omissions and fails to provide the detail necessary to provide the respective defendants with adequate notice of plaintiffs' claim and the facts upon which it is based.  Thus, as plead, the fraud claim should be dismissed for failure to state a claim.

To the extent plaintiffs' fifth claim for "Negligence, Negligent Supervision and Negligent Hiring" seeks to impose liability upon any of the named defendants in their individual capacity, the court finds that such a claim must be dismissed.  Plaintiffs have failed to meaningfully challenge defendants' legal argument that such a negligence claim against them fails as a matter of law because, outside of the school setting, no special relationship or "duty" exists between these defendants and the plaintiffs.  Although plaintiffs illogically assert that there is a fact issue regarding whether or not the individual defendants could incur individual liability outside the OGTCA, this argument is unavailing.  The Complaint specifically references plaintiffs' compliance with the notice provisions of the OGTCA. Complaint, ¶ 9.  The court has reviewed the Complaint and finds that plaintiffs have failed to alleged any other source of a duty between the individual defendants and J.M. that could be said to arise outside the school setting.  Therefore, as plead, plaintiffs' fifth cause of action fails to state a claim upon which relief can be granted against the individual defendants in their individual capacities.   This result is

consistent with the Oklahoma Court of Civil Appeals decision in <u>Cooper v. Millwood Independent School District No. 37</u>, 887 P. 2d 1370, 1375 (Okla. Ct. Civ. App. 1994).  In that case, the plaintiffs attempted to sue the school bus driver individually for injuries resulting from a fight on the school bus.  The court noted that no claim arising from the performance of his duties could be made against the school bus driver individually because "scope of employment" claims against employees are prohibited by §163(C) of the Oklahoma Governmental Tort Claims Act ("OGTCA"), 51 O.S. § 151 *et seq.*[3]  According to the court, if the school bus driver's alleged omissions were found to have been outside the scope of employment, a negligence claim against him individually would fail because the school bus driver had no duty to act in the absence of a "special relationship."  <u>Id.</u>; *citing* <u>Wofford v. Eastern State Hospital</u>, 795 P.2d 516, 519 (Okla. 1990).

In addition, the court finds that plaintiffs' tort claims against employees of the school district for acts within the scope of their employment are not available under Oklahoma law. This is because the governmental entity assumes the liability for loss resulting from the torts of their employees acting within the scope of their employment and such liability is exclusive and in place of all other liability of an employee at common law or otherwise.  <u>Shephard v. CompSource Oklahoma</u>, 209 P. 3d 288, 2009 WL 1139245, *4 (Okla. 2009).  Therefore, to the extent that any of

---

[3] Section 163(C) provides in pertinent part: "Suits instituted pursuant to provisions of this Act shall name as a defendant the state or the political subdivision against which liability is sought to be established.  In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as a defendant . . . ".

plaintiffs' tort claims are asserted against the individual defendants in their official capacity based on conduct within the scope of his or her employment, the tort claims should be dismissed.

Plaintiffs' claim for punitive damages against Deer Creek Public Schools and the individual defendants named in their official capacities must also be dismissed. It is well settled that a political subdivision such as a school district is immune from punitive damages in a civil rights lawsuit brought under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Because a suit against a public official in his or her official capacity is merely another way of suing the governmental entity itself, the same rule applies to suits against governmental officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Under Oklahoma law, punitive damages cannot be rendered in any action or claim against a political subdivision. 51 O.S. § 154(B). Based upon these well-established authorities, the court agrees with the defendants that plaintiffs are not entitled to punitive damages from the school district or the defendants sued in their official capacity under § 1983. The plaintiffs also cannot recover punitive damages from the school district under 51 O.S. § 154(C).

Upon consideration of the entire file and the absence of significant prejudice, the court denies defendant Straughn's request for dismissal due to untimely service under Fed. R. Civ. P. 4(m).

Accordingly, the **(1)** Motion to Dismiss by Defendants Deer Creek Public

Schools, Letricia Tarvin and Barbara Ann Sheely ("School District Defendants") **[Doc. No. 5]**; **(2)** Motion to Dismiss of Defendant Jessica Renaker ("Renaker") **[Doc. No. 7]**; **(3)** Motion to Dismiss by Defendant Lenis DeRieux[4] ("DeRieux") **[Doc. No. 23]**; and **(3)** the Amended Motion to Dismiss by Defendant Debbie Straughn ("Straughn") **[Doc. No. 28]** are **GRANTED in part and DENIED in part**, as fully set forth above. Defendants' motions to strike affidavits submitted by the plaintiffs **[Doc. Nos. 16, 34 & 36]** are **GRANTED**, as set forth above. **Plaintiffs may file an Amended Complaint in accordance with the court's rulings no later than August 3, 2009.** The court strongly encourages plaintiffs to take this opportunity to refine their allegations and to clearly identify the claims and the status of the defendants against whom the claims are brought. In addition, nothing in this order should be taken as discouraging any defendant from filing a summary judgment motion, if warranted, at the appropriate time.

Finally, the court addresses plaintiffs' failure to serve defendant Kay Rogers in this matter. When this lawsuit was initially filed on October 16, 2008, plaintiffs named several defendants including Kay Rogers, individually and in her official capacity as an employee of Deer Creek Public Schools. The record reflects that summons was issued by the clerk as to Kay Rogers, however, unlike the other defendants, there is no indication in the file that service has been attempted or

---

[4] According to the dismissal motion, defendant DeRieux was incorrectly identified in the Complaint as "Lenis DeReaux." The caption is hereby amended to reflect the true spelling of this defendant's name and all future filings shall also reflect this amendment.

accomplished on Rogers.

> Rule 4(m) of the Federal Rules of Civil Procedure provides that:
> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

Fed. R. Civ. P. 4(m).

The court orders plaintiffs to (1) file proof of service or (2) show cause in a filed written response as to why service has not been made on the defendant Kay Rogers.  **If no such filing is made by August 3, 2009, the court will dismiss this action as to defendant Kay Rogers without prejudice without further notice.**

It is so ordered this 21st day of July, 2009.

_/s/ Tim Leonard_
TIM LEONARD
United States District Judge