IN THE UNITED STATES DISTRICT COURT FOR THE

WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PAUL AND MELINDA MUSKRAT, as Parents and next friends of Minor Child, J.M., | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | Case No. CIV-08-1103-L |
| DEER CREEK PUBLIC SCHOOLS; KAY ROGERS, individually and in her official capacity as an employee of Deer Creek Public Schools; LENNIS DERIEUX, individually and in his/her official capacity as an employee of Deer Creek Public Schools; DEBBIE STRAUGHN, individually and in her official capacity as an employee of Deer Creek Public Schools; JESSICA RENAKER, individually and in her official capacity as an employee of Deer Creek Public Schools; LETRICIA TARVIN, individually and in her official capacity as an employee of Deer Creek Public Schools; BARBARA ANN SHEELY, individually and in her official capacity as an employee of Deer Creek Public Schools, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## **O R D E R**

Plaintiffs Paul and Melinda Muskrat, as Parents and next friends of Minor Child, J.M. ("Muskrats", "J.M.", or collectively, "plaintiffs"), bring this action under state law and 42 U.S.C. § 1983 alleging (1) battery, (2) assault, (3) false imprisonment, (4) intentional infliction of emotional distress, (5) negligence,

negligent supervision and negligent hiring, (6) fraud, and (7) violation of constitutional rights.[1] Plaintiffs seek money damages arising from the alleged mistreatment of their son J.M., a special needs student at Deer Creek Public Schools (sometimes referred to as "DCPS").

On July 21, 2009, the court granted several motions to dismiss filed by various defendants and allowed plaintiff to file an Amended Complaint, "strongly encourag[ing] plaintiffs to take this opportunity to refine their allegations and to clearly identify the claims and the status of the defendants against whom the claims are brought." See Doc. No. 37. Upon review of the First Amended Complaint [Doc. No. 40, "Amended Complaint"], however, the court finds that it does not fully clarify or provide a sufficient basis for many of plaintiffs' claims against the defendants, all as noted by the arguments found in the latest round of dismissal motions. Plaintiffs have responded to the motions, objecting to dismissal, and reply briefs were filed. Unfortunately, plaintiffs' response briefs add to the confusion surrounding several of their claims, since the arguments raised in the briefs seemingly contradict the allegations of the Amended Complaint in several important respects. Of course, it is not the duty of the court or the defendants to ferret out plaintiffs' claims against them, or to speculate as to

---

[1] The Amended Complaint alleges a "Violation of 42 U.S.C. § 1983." Doc. No. 40, ¶¶ 69-83. However, it is improper for plaintiffs to allege a "violation" of § 1983 since the statutory provision itself does not create an independent substantive right, but is a procedural statute which provides a remedy for the deprivation of existing rights. Dixon v. City of Lawton, 898 F.2d 1443, 1448 (10th Cir. 1990). See also Chapman v. Houston Welfare Rights Organization, 99 S.Ct. 1905, 1916 (1979) (". . . one cannot go into court and claim a 'violation of § 1983' – for § 1983 by itself does not protect anyone against anything.")

what the claims might be. The court's previous order reviewed the standards the court relies upon in determining the sufficiency of a complaint. The court has thoroughly reviewed the allegations of the Amended Complaint and the motions filed by the defendants and concludes that the motions have merit, are supported by the pertinent authorities, and should be granted in their entirety.

The Amended Complaint's first three claims, for battery, assault, and false imprisonment, all include an allegation to the effect that the "complained of actions occurred within the course and scope of the individual defendants' employment" with the Deer Creek Public Schools. *See* Amended Complaint, ¶¶ 30, 37, 44. Although plaintiffs' briefs seem to suggest that a factual dispute exists as to whether the defendants were acting within the scope of their employment with respect to these claims, the court concludes that this argument is contradicted by the allegations of the Amended Complaint in this regard. As a result, the claims for battery, assault, and false imprisonment based on actions occurring within the scope of employment are not available against the individual defendants under Oklahoma law. As the court stated in its July 21, 2009 order [Doc. No. 37, pp. 10-11],

> . . . plaintiffs' tort claims against employees of the school district for acts within the scope of their employment are not available under Oklahoma law. This is because the governmental entity assumes the liability for loss resulting from the torts of their employees acting within the scope of their employment and such liability is exclusive and in place of all other liability of an employee at common law or otherwise. Shephard v. CompSource

Oklahoma, 209 P. 3d 288, 2009 WL 1139245, *4 (Okla. 2009). Therefore, to the extent that any of plaintiffs' tort claims are asserted against the individual defendants in their official capacity based on conduct within the scope of his or her employment, the tort claims should be dismissed.

Accordingly, the battery, assault, and false imprisonment claims asserted against the individual defendants, which are based on conduct within the scope of their employment, should be and are hereby dismissed.

In addition, the battery claim, which purports to be brought against defendants Renaker, Rogers, Straughn, Sheely and DCPS does not even mention Sheely and contains no factual allegations to support a battery claim against Sheely. The assault claim purports to be brought against Renaker, Rogers, Straughn, Sheely, Tarvin and DCPS. Again, plaintiffs make no factual allegations against Sheely or Tarvin in this claim. The false imprisonment claim against Renaker, Rogers, Straughn, Sheely, and Tarvin also fails to include any factual allegations against Sheely. Clearly, plaintiffs fail to state claims against Sheely for battery, assault and false imprisonment or against Tarvin for assault, and this provides an additional basis for dismissal of these claims.

The Amended Complaint's fourth claim, for intentional infliction of emotional distress, includes the names of defendants Renaker, Rogers, Straughn, Sheely, Tarvin and DCPS in the informational heading for this claim. However, defendants Sheely and Tarvin and not mentioned further in the following paragraphs comprising this claim. The court finds that plaintiffs have

clearly failed to provide a factual basis for the court to draw an inference that Sheely or Tarvin is liable on the claim for intentional infliction of emotional distress. As a result, it is appropriate for this claim to be dismissed as to defendants Sheely and Tarvin. In addition, the court finds that plaintiffs have failed to meaningfully challenge defendant Deer Creek Public Schools' argument that the tort of intentional infliction of emotional distress is not cognizable against the school district under Oklahoma's Governmental Tort Claims Act since such a claim could only be predicated upon the bad faith acts of an employee – acts falling outside of the employee's scope of employment. *See* McMullen v. City of Del City, 920 P.2d 528, 531 (Okla. Ct. Civ. App. 1996). Thus, DCPS is entitled to dismissal of plaintiffs' claim for intentional infliction of emotional distress as well.

Turning to the Amended Complaint's fifth claim, alleging "negligence, negligent supervision and negligent hiring," the court notes that the informational heading provided by plaintiffs with respect to this claim states that this claim is brought against DCPS and defendants Renaker, Rogers, Straughn, Sheely, DeRieux, and Tarvin "in their official capacities." Consistent with the above authorities, it is well established that to the extent this claim is asserted against the individual defendants in their official capacity based on conduct within the scope of his or her employment, this claim should be and is hereby dismissed as to the respective individual defendants.

Plaintiffs' sixth cause of action, for fraud, is purported to be brought against

"all defendants." Under Oklahoma law, the elements of common law fraud are: (1) a false material misrepresentation; (2) made as a positive assertion which is either known to be false, or made recklessly without knowledge of the truth; (3) with the intention that it be acted upon; and (4) which is relied upon by a party to one's detriment. Gay v. Akin, 766 P.2d 985, 989 (Okla. 1988) (citations omitted). In alleging fraud, a party must state with particularity the circumstances constituting fraud. Fed. R. Civ. P. 9(b). The primary purpose of Rule 9(b) is to afford a defendant fair notice of the plaintiffs' claim and of the factual ground upon which it is based. Farlow v. Peat, Marwick, Mitchell & Co., 956 F.2d 982, 987 (10th Cir. 1992) (overruled on other grounds). A complaint alleging fraud must set forth the time, place and contents of the false representation, the identity of the party making the false statements, and the consequences of the fraud. Tal v. Hogan, 453 F.3d 1244, 1263 (10th Cir. 2006) (citations omitted).

Under the Oklahoma Governmental Tort Claims Act, an individual government employee is shielded from personal liability for tortious conduct while acting within the "scope of employment," which "means performance by an employee acting in good faith within the duties of the employee's office or employment." 51 O.S. § 152 (11). As discussed above with respect to the claim for intentional infliction of emotional distress, the court finds that plaintiffs have failed to meaningfully address the argument by DCPS that the fraud claim is not properly brought against the school district since it necessarily involves an

element of bad faith. Upon review of the allegations of the Amended Complaint, the court finds that the fraud claim asserted against "all defendants" is based on factual allegations that are sufficiently egregious to place the conduct of those involved outside the scope of their employment. If true, plaintiffs' allegations of fraud would indicate that the school employees were not acting in good faith. Therefore, the allegations support a ruling that would allow the fraud claim to proceed only against the defendants in their individual capacity, and not against DCPS.[2]

The difficulty with this conclusion is that the fraud claim as pled in the Amended Complaint, despite the court's admonitions in its July 21, 2009 order, remains extremely vague and lacking in specifics regarding which particular defendant participated in the alleged fraudulent conduct.[3] Obviously, the very use of the plural "defendants" in this claim makes identification of the alleged wrongdoer impossible. The names of the individual defendants DeRieux, Straughn, and Sheely do not even appear in the paragraphs comprising the fraud claim. *See* Amended Complaint, ¶¶ 57-68. Mindful of the pleading standards

---

[2] Plaintiffs' response brief asserts, without citation to authority, that the "systemic fraud . . . perpetrated by the defendant employees was not anticipated by the legislature when drafting the tort claims act." The court finds that this undeveloped argument is insufficient to impose liability on the school district for actions taken by employees acting outside the scope of their employment.

[3] Although plaintiffs' briefs attempt to supplement the allegations of the Amended Complaint somewhat, the court's local rules clearly provide that factual statements appearing only in briefs are not part of the record. LCvR 7.1(j). Particularly in light of the court's July 21, 2009 order allowing amendment, it is appropriate for the court to judge the sufficiency of the claims based on the allegations made in the Amended Complaint.

required to state a claim for fraud, the court has no difficulty in concluding that plaintiffs have failed to make a plausible claim for fraud against persons who are not even identified by name in the claim. The claim fails to give DeRieux, Straughn, and Sheely fair notice of the plaintiffs' claim and they are therefore entitled to dismissal of the fraud claim.

Defendants Renaker and Rogers are also entitled to dismissal of the fraud claim. Although Renaker is mentioned in paragraphs 62 and 64 of the Amended Complaint, the references to her do not in any way relate to or support a claim for fraud. Likewise, although defendant Rogers is mentioned in paragraph 64 of the Amended Complaint ("Rogers struck J.M. on the arm causing injury"), the statement does not support a claim of fraud against Rogers.[4]

Defendant Tarvin is referred to in paragraphs 62 and 63 of the fraud claim. Paragraph 62 states:

> Defendant Tarvin committed fraud by misrepresentation by stating to the Muskrats at a meeting on April 10, 2007 that "Jessica [Renaker] was doing a great job with J.M." In reality, Jessica Renaker, along with others was abusing J.M. on a regular basis. Plaintiffs relied on this misrepresentation, and were damaged as a result.

A careful review of this paragraph reveals that nowhere does it specifically state that Tarvin knew of the alleged abuse of J.M. by Renaker and others at the time she made the statement to the Muskrats on April 10, 2007. The label of

---

[4] "Superintendent Wilkinson" is mentioned in paragraph 65 of the Amended Complaint, but is not named as a party in this lawsuit so the court need not consider whether a claim has been stated against this individual.

"misrepresentation" is not actually supported by any factual allegation and fails to meet the standard for pleading a fraud claim with particularity. Similarly, paragraph 63 of the Amended Complaint states:

> On May 1, 2007, at an IEP meeting, Defendant Tarvin was excited to share J.M.'s progress. In fact, J.M. was being abused and was not progressing. Plaintiffs relied on this misrepresentation, and were damaged as a result.

Again, plaintiffs have made a bare assertion of "misrepresentation" without any underlying factual allegation that Tarvin knew that "J.M. was being abused and was not progressing" when she was "excited to share J.M.'s progress" on May 1, 2007. Tarvin is entitled to dismissal of the fraud claim.

Consistent with the above authorities and upon careful review of the plaintiffs' fraud allegations, the court finds that the fraud claim must be dismissed as to all defendants for failure to state a claim.

Turning to plaintiffs' § 1983 claim for alleged violation of constitutional rights, the court notes that plaintiffs have failed to allege that either Sheely, DeRieux or Tarvin personally participated in the alleged denial of a constitutional right. This failure is fatal to the § 1983 claim against these defendants. Battle v. Lawson, 352 F. Supp. 156, 158 (W.D. Okla. 1972) (it is an essential element of a civil rights claim that a particular defendant be personally involved in the alleged denial of the constitutional right). Although Tarvin is mentioned in paragraph 73, this paragraph does not include a factual basis for § 1983 liability against Tarvin. Plaintiffs' § 1983 claim against Sheely, DeRieux and Tarvin cannot survive a

dismissal motion. Therefore, the § 1983 claim should be and is hereby dismissed in its entirety as to these defendants.

Finally, to the extent plaintiffs' Amended Complaint includes claims for punitive damages, the court reiterates its ruling from the July 21, 2009 order [Doc. No. 37, p. 11], as follows:

> Plaintiffs' claim for punitive damages against Deer Creek Public Schools and the individual defendants named in their official capacities must also be dismissed. It is well settled that a political subdivision such as a school district is immune from punitive damages in a civil rights lawsuit brought under 42 U.S.C. § 1983. City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981). Because a suit against a public official in his or her official capacity is merely another way of suing the governmental entity itself, the same rule applies to suits against governmental officials in their official capacities. Kentucky v. Graham, 473 U.S. 159, 165 (1985). Under Oklahoma law, punitive damages cannot be rendered in any action or claim against a political subdivision. 51 O.S. § 154(B). Based upon these well-established authorities, the court agrees with the defendants that plaintiffs are not entitled to punitive damages from the school district or the defendants sued in their official capacity under § 1983. The plaintiffs also cannot recover punitive damages from the school district under 51 O.S. § 154(C).

In summary, the **(1)** Motion to Dismiss Plaintiffs' Amended Complaint by Defendants Lenis Derieux and Barbara Ann Sheely **[Doc. No. 41]**; **(2)** Motion to Dismiss Plaintiffs' First Amended Complaint by Defendant Letricia Tarvin **[Doc. No. 42]**; **(3)** Motion to Dismiss by Defendant Debbie Straughn **[Doc. No. 43]**; **(4)** Motion to Dismiss by Defendant Deer Creek Public Schools **[Doc. No. 44]; (5)** Motion of Defendant Jessica Renaker to Dismiss First Amended Complaint **[Doc.**

**No. 47]**; and **(6)** Motion to Dismiss by Defendant Kay Rogers **[Doc. No. 49]** are **GRANTED**, as fully set forth above.[5]

It is so ordered this 27th day of January, 2010.

*Tim Leonard*
TIM LEONARD
United States District Judge

---

[5] In light of this order, it appears that the intentional infliction of emotional distress claim and the § 1983 claim may proceed against defendants Straughn, Renaker, and Rogers in their individual capacities. The remaining official capacity tort claims for battery, assault, false imprisonment, "negligence, negligent supervision and negligent hiring," and the § 1983 claim may proceed against DCPS. Of course, nothing in this order should be taken as discouraging any party from filing a motion for summary judgment in accordance with the court's scheduling order.